# EXHIBIT B

# REGISTER OF ACTIONS
## CASE NO. 18-12-16979

| Ronda Singletary VS. State Farm Fire and Casualty Company | § § § § § | |
|---|---|---|
| | | Case Type: **Contract** **Consumer/Commercial/Debt >$200,000** |
| | | Date Filed: **12/27/2018** |
| | | Location: **284th Judicial District Court** |

---

### PARTY INFORMATION

| | | **Attorneys** |
|---|---|---|
| **Defendant** | **State Farm Fire and Casualty Company** Registered Agent, Corporation Service Company 211 East 7th Street Suite 620 Austin, TX 78701 | **M Micah Kessler** *Retained* 713-781-2889(W) |
| | | |
| **Plaintiff** | **Singletary, Ronda** 50 E Russet Grove Circle The Woodlands, TX 77384 | **Derek L. Fadner** *Retained* 713-334-6121(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 12/27/2018 | **Original Petition (OCA)** |
| 12/27/2018 | **E-Filed Original Petition Document** |
| 12/27/2018 | **Civil Case Information Sheet** |
| 12/27/2018 | **Request For Service** |
| 12/28/2018 | **Jury Trial Requested** |
| 12/28/2018 | **Jury Fee Paid** |
| 01/02/2019 | **Certified Mail Citation** |

| | | | |
|---|---|---|---|
| | State Farm Fire and Casualty Company | Served | 01/07/2019 |
| | | Returned | 01/25/2019 |

| | |
|---|---|
| 01/02/2019 | **Certificate** |
| 02/15/2019 | **Rule 11** |
| 03/04/2019 | **Amended Petition** |
| 03/15/2019 | **Original Answer** |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **Plaintiff** Singletary, Ronda | | |
| | Total Financial Assessment | | 438.00 |
| | Total Payments and Credits | | 438.00 |
| | **Balance Due as of 03/18/2019** | | **0.00** |
| | | | |
| 12/28/2018 | Transaction Assessment | | 438.00 |
| 12/28/2018 | E-File Electronic Payment   Receipt # 2018-214522 | Singletary, Ronda | (438.00) |

# EXHIBIT B-1

Received and E-Filed for Record
12/27/2018 3:26 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

18-12-16979

CAUSE NO. _____

| | | |
|---|---|---|
| RONDA SINGLETARY, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff* | § | Montgomery County - 284th Judicial District Court |
| | § | |
| V. | § | MONTGOMERY COUNTY, TEXAS |
| | § | |
| | § | |
| STATE FARM FIRE & CASUALTY | § | |
| COMPANY, | § | _____ JUDICIAL DISTRICT |
| | § | |
| *Defendant* | § | |

## PLAINTIFF RONDA SINGLETARY'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** Ronda Singletary, (hereinafter referred to as "Plaintiff"), complaining of State Farm Fire & Casualty Company, (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### <u>DISCOVERY CONTROL PLAN</u>

1. Plaintiff intends for discovery to be conducted under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process of Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief of over $100,000.00.

### <u>PARTIES</u>

2. Plaintiff is an individual residing in Montgomery County, Texas.

3. State Farm Fire & Casualty Company is a foreign insurance company engaging in the business of insurance in the State of Texas. Defendant may be served with process by serving its registered agent of

---

service, Corporation Service Company, located at the following address: 211 E 7th St, Ste 620, Austin, Texas 78701.

## JURISDICTION

4. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

5. The Court has jurisdiction over Defendant State Farm Fire & Casualty Company because Defendant is a foreign insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas. Specifically, State Farm Fire & Casualty Company sought out and marketed for insurance in Texas and has "purposefully availed" itself of the privilege of conducting activities in Texas. *Kelly v. General Interior Constr., Inc.*, 301 S.W.3d 653, 660-61 (Tex. 2010).

## VENUE

6. Venue is proper in Montgomery County, Texas, because the Property is situated in Montgomery County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

7. Plaintiff purchased a policy from Defendant State Farm Fire & Casualty Company, (hereinafter referred to as "the Policy"), which was in effect at the time of loss.

8. The Policy was purchased to insure Plaintiff's property, (hereinafter referred to as "the Property"), which is located at 50 E Russet Grove Circle, The Woodlands, Texas 77384.

9. Defendant State Farm Fire & Casualty Company and/or its agent sold the Policy insuring the Property to Plaintiff.

10. Plaintiff is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because she is an individual who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

11. On or about January 17, 2018, Plaintiff experienced a severe weather related event which caused substantial damage to the Property and surrounding homes and businesses in the area. The Property's damage constitutes a covered loss under the Policy issued by Defendant State Farm Fire & Casualty Company. Plaintiff subsequently opened a claim on January 17, 2018 and Defendant State Farm Fire & Casualty Company assigned an adjuster to adjust the claim.

12. Thereafter, Defendant State Farm Fire & Casualty Company wrongfully underpaid Plaintiff's claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

13. Defendant made numerous errors in estimating the value of Plaintiff's claim, as exhibited by its assigned adjuster's method of investigation and estimation of Plaintiff's loss, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant's assigned adjuster failed to fully quantify Plaintiff's covered losses, thus demonstrating that Defendant's assigned adjuster did not conduct a thorough investigation of Plaintiff's claim and/or intentionally adjusted Plaintiff's claim improperly.

14. Specifically, Defendant, independently and through its assigned adjuster, intentionally and knowingly conducted a substandard investigation of the Property. This is evidenced by Defendant's assigned adjuster's estimate, which failed to include all necessary items Plaintiff is entitled to under the Policy to place the Property in a pre-loss condition. These necessary items are covered and required under the

International Building Code and/or International Residential Code, as adopted by the State of Texas in 2001.

15. Defendant State Farm Fire & Casualty Company's inadequate settlement forced Plaintiff to retain a professional estimate writer to properly assess and evaluate the damage to the property. On or around July 24, 2018, Plaintiff's professional estimate writer inspected the property. The professional estimate writer estimated the damage to the property to be a total amount of $30,130.48. The professional estimate writer's estimate stands in stark contrast to Defendant State Farm Fire & Casualty Company's estimate. Such a gross disparity between the estimates highlights Defendant's bad faith misconduct in conducting an unreasonable investigation and knowingly underpaying the claim.

16. Plaintiff's professional estimate writer required a full roof replacement. The professional estimate writer recommended several other significant repairs, including, but not limited to: removal and replacement of the roof vents as soft metals cannot be reused under IRC 907.5; removal and replacement of the valley metal and roof flashing as soft metals cannot be reused under IRC 907.5; and gutter and downspout repairs.

17. Plaintiff's professional estimate writer not only required a full roof replacement, but also estimated for significant repairs to the property's interior rooms, including but not limited to: restoration and remodel of the damaged drywall; paint costs; and content manipulation.

18. In addition, the Occupational Safety and Health Administration ("OSHA") dictates, when working on buildings with "unprotected sides and edges" that "each employee on a walking/working surface (horizontal and vertical surface) with an unprotected side or edge which is 6 feet (1.8m) or more above a lower level **_SHALL_** be protected from falling by the use of guardrail systems, safety net systems, or

personal fall arrest systems." Occupational Safety and Health Act of 1970 § 1926.501(b)(1) (emphasis added). This protection was intentionally not included or reflected within the scope of work provided by Defendant for Plaintiff's damages to the Property as an attempt to further deny Plaintiff benefits owed under the Policy.

19. Defendant's estimate did not allow for adequate funds to cover the cost of repairs and therefore grossly undervalued all of the damages sustained to the Property. As a result of Defendant's conduct, Plaintiff's claim was intentionally and knowingly underpaid.

20. Defendant's assigned adjuster acted as an authorized agent of Defendant State Farm Fire & Casualty Company. Defendant's assigned adjuster acted within the course and scope of their authority as authorized by Defendant State Farm Fire & Casualty Company. Plaintiff relied on Defendant and Defendant's assigned adjuster to properly adjust the claim regarding the Property and to be issued payment to fix such damage, which did not happen and has not been rectified to date.

21. Defendant State Farm Fire & Casualty Company failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant refused to pay the full proceeds owed under the Policy. Due demand was made by Plaintiff for proceeds to be in an amount sufficient to cover the damaged Property.

22. Defendant and/or Defendant's assigned agent sold the Policy to Plaintiff, making various statements and representations to Plaintiff that the Property would be covered. Relying on the promises and representations made by Defendant and/or Defendant's assigned agent, Plaintiff filed a claim under the

Policy with the belief that the Property would be covered after a severe weather event such as the one that damaged the Property.

23. All conditions precedent to recovery under the Policy had, and have, been carried out and accomplished by Plaintiff.

24. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of McClenny Moseley & Associates, PLLC, who is representing Plaintiff with respect to these causes of action.

## AGENCY

25. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

26. All acts by Defendant State Farm Fire & Casualty Company were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full authorization or ratification of Defendant State Farm Fire & Casualty Company and/or were completed in its normal and routine course and scope of employment.

27. Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this subsection are made actionable by TEX. INS. CODE § 541.151.

28. Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as "any

individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added); *see also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.* 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a person for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

## NEGLIGENCE

29. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

30. Plaintiff entrusted Defendant to properly adjust Plaintiff's insurance claim for the Property damage. Defendant did not properly adjust the claim and misinformed Plaintiff of the severity of the Property damage. Defendant had and owed a duty to ensure that the Property damage was properly adjusted. Nevertheless, Defendant failed to ensure that Plaintiff's damage was properly adjusted. This failure is a clear breach of Defendant's duty, and as a result, Plaintiff suffered significant injuries.

31. Defendant State Farm Fire & Casualty Company and its assigned adjuster had and owed a legal duty to Plaintiff to properly adjust all losses associated with the Property. Defendant, individually and through its assigned adjuster, breached this duty in a number of ways, including, but not limited to, the following:

    A. Defendant, individually and through its assigned adjuster, was to exercise due care in adjusting and paying policy proceeds regarding the Property;

B.  Defendant, individually and through its assigned adjuster, had a duty to competently and completely handle and pay all covered losses associated with the Property;

C.  Defendant, individually and through its assigned adjuster, failed to properly complete all adjusting activities associated with Plaintiff's damages; and,

D.  Defendant's acts, omissions, and/or breaches, individually and through its assigned adjuster, did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

## **BREACH OF CONTRACT**

32. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

33. Defendant State Farm Fire & Casualty Company's conduct constitutes a breach of the insurance contract made between Defendant State Farm Fire & Casualty Company and Plaintiff. According to the Policy, which Plaintiff purchased, Defendant State Farm Fire & Casualty Company had the absolute duty to investigate Plaintiff's damages, and pay Plaintiff policy benefits for the claims made due to the extensive storm-related damages.

34. As a result of the storm-related event, Plaintiff suffered extreme weather related damages. Despite objective evidence of weather related damages provided by Plaintiff and her representatives, Defendant State Farm Fire & Casualty Company breached its contractual obligations under the Policy by failing to pay Plaintiff cost related benefits to properly repair the Property, as well as for related losses associated with the subject loss event.  As a result of this breach, Plaintiff has suffered additional actual and consequential damages.

## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

35. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

36. Defendant and/or its assigned adjuster engaged in false, misleading, or deceptive acts or practices that constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas Business and Commerce Code ("TEX. BUS. & COM. CODE"), including but not limited to:

    A.   Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law (TEX. BUS. & COM. CODE § 17.46(b)(12));

    B.   Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction (§ 17.46(b)(14));

    C.   Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed (§ 17.46(b)(24));

    D.   Using or employing an act or practice in violation of the Texas Insurance Code (§ 17.50(a)(4));

    E.   Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiff's claim (TEX. INS. CODE § 541.060(a)(2)-(5));

    F.   Failure to properly investigate Plaintiff's claim (§ 541.060(7)); and/or

---

G. Hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, to obtain a favorable, results-oriented report, and to assist Defendant in severely underpaying and/or denying Plaintiff's damage claim (TEX. BUS. & COM. CODE § 17.46(31)).

37. As described in this Original Petition, Defendant State Farm Fire & Casualty Company represented to Plaintiff that her Policy and State Farm Fire & Casualty Company's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover proceeds. TEX. BUS. & COM. CODE § 17.46(b)(5).

38. As described in this Original Petition, Defendant State Farm Fire & Casualty Company represented to Plaintiff that her Policy and State Farm Fire & Casualty Company's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of § 17.46 (b)(7).

39. By Defendant State Farm Fire & Casualty Company representing that they would pay the entire amount needed by Plaintiff to repair the damages caused by the weather related event and then not doing so, Defendant has violated §§ 17.46 (b)(5), (7), (12).

40. Defendant State Farm Fire & Casualty Company has breached an express warranty that the damage caused by the storm-related event would be covered under Policy.  This breach entitles Plaintiff to recover under §§ 17.46 (b) (12), (20); 17.50 (a)(2).

41. Defendant State Farm Fire & Casualty Company's actions, as described herein, are unconscionable in that Defendant took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair

degree.   Therefore, Defendant's unconscionable conduct gives Plaintiff the right to relief under §
17.50(a)(3).

42. Defendant State Farm Fire & Casualty Company's conduct, acts, omissions, and failures, as described in
this Original Petition, are unfair practices in the business of insurance and are in violation of § 17.50
(a)(4).

43. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, and/or
deceptive acts and/or practices, made by Defendant State Farm Fire & Casualty Company, to her
detriment.  As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been
damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff
now sues.  All of the aforementioned acts, omissions, and failures of Defendant are a producing cause of
Plaintiff's damages which are described in this Original Petition.

44. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in
addition to all damages described herein, Plaintiff is entitled to recover mental anguish damages and
additional penalty damages, in an amount not to exceed three times such actual damages. § 17.50(b)(1).

45. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has
been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on
her behalf.  Accordingly, Plaintiff also seeks to recover her costs and reasonable and necessary attorney's
fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiff may show herself
to be justly entitled by law and in equity.

## VIOLATIONS OF THE TEXAS INSURANCE CODE

46. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

47. Defendant and/or its assigned adjuster's actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

    A. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue (TEX. INS. CODE § 541.060(a)(1));

    B. Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (§ 541.060(a)(2)(A));

    C. Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim (§ 541.060(a)(3));

    D. Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff (§ 541.060(a)(4));

    E. Refusing, failing, or unreasonably delaying a settlement offer on the basis that other coverage is available (§ 541.060 (a)(5));

    F. Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

G. Forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));

H. Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code (§ 541.061(5));

I. Engaging in false, misleading, and deceptive acts or practices under the DTPA (§541.151(2));

J. Failing to acknowledge receipt of the claim, commence any investigation of the claim, and request from the claimant all items, statements, and forms the insurer reasonably believes at that time will be required from the claimant no later than the 15th day after the receipt of notice of the claim (§ 542.055);

K. Failing to notify the claimant in writing of the acceptance or rejection of a claim no later than the 15th business day after the insurer receives all items, statements, and forms required by the insurer to secure a final proof of loss (§ 542.056(a));

L. Failing to state the reasons for rejection (§ 542.056(c));

M. Failing to notify the claimant of the reasons that the insurer needs 45 days in additional time to accept or reject the claim (§ 542.056(d));

N. Failing to pay a claim not later than the 5th business day after the date of notice of acceptance was made (§ 542.057); and/or

O. Failing to pay a valid claim after receiving all reasonably requested and required items from the insured. (§ 542.058(a)).

48. By its acts, omissions, failures and conduct, Defendant State Farm Fire & Casualty Company has engaged in unfair and deceptive acts and practices in the business of insurance. Plaintiff, the insured and beneficiary, has a valid claim as a result of her detrimental reliance upon Defendant State Farm Fire & Casualty Company's unfair or deceptive acts or practices. § 541.151(2).

49. Defendant's aforementioned conduct compelled Plaintiff to initiate this lawsuit to recover amounts due under the Policy, by offering substantially less than the amount ultimately recovered. Defendant refused to offer more than the grossly undervalued estimates prepared by Defendant State Farm Fire & Casualty Company and/or Defendant's assigned adjuster, despite knowing the actual damages were much greater than what was offered. Defendant's continued refusal to offer compelled Plaintiff to file suit. § 542.003(5).

50. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant State Farm Fire & Casualty Company's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly, intentionally and/or negligently committed said actions and conduct. § 541.152.

51. As a result of Defendant State Farm Fire & Casualty Company's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on her behalf. Accordingly, Plaintiff also seeks to recover her costs and reasonable and

necessary attorney's fees as permitted under TEX. BUS. & COM. CODE § 17.50(d) or TEX. INS. CODE § 541.152 and any other such damages to which Plaintiff may show herself justly entitled by law and in equity.

## BREACH OF THE COMMON LAW DUTY
## OF GOOD FAITH & FAIR DEALING

52. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

53. From and after the time Plaintiff's claim was presented to Defendant State Farm Fire & Casualty Company, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was more than reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. *See Viles v. Security National Ins. Co.,* 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its insureds to "investigate claims thoroughly and in good faith" and an insurer can only deny a claim after a thorough investigation shows that there is a reasonable basis to deny that claim).

54. For the breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of the duty, such additional costs, economic hardship, losses due to nonpayment of the amount owed to Plaintiff, and/or exemplary damages for emotional distress.

## KNOWLEDGE

55. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally," as the terms are used in the Texas Insurance Code, and were a producing cause of Plaintiff's damages described herein.

## DAMAGES

56. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

57. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney's fees.

58. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX. INS. CODE § 541.152.

59. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, interest on the claim at the rate of eighteen (18) percent per year, together with attorney's fees. § 542.060.

60. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

61. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

62. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

63. More specifically, Plaintiff seeks monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees, in excess of $200,000.00 but less than $1,000,000.00.

## ADDITIONAL DAMAGES & PENALTIES

64. Defendant's conduct was committed knowingly and intentionally. Accordingly, Defendant is liable for additional damages under the DTPA, TEX. BUS. & COM. CODE § 17.50(b)(1), as well as all operative provisions of the Texas Insurance Code. Plaintiff is clearly entitled to the 18% damages allowed under TEX. INS. CODE § 542.060.

## ATTORNEY'S FEES

65. In addition, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to the Texas Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005.

## COMPEL MEDIATION

66. Pursuant to TEX. INS. CODE § 541.161 and TEX. BUS. & COM. CODE § 17.5051, Plaintiff requests that Defendant be made to mediate no later than the 30th day of the signed order, following the 90th day after the date for which this pleading for relief is served upon Defendant.

## JURY DEMAND

67. Plaintiff demands a jury trial, consisting of citizens residing in Montgomery County, Texas, and tenders the appropriate fee with this Original Petition.

## DISCOVERY

68. Texas Rule of Civil Procedure 47 has been met in this petition. As such, Plaintiff requests that Defendant respond to the Requests for Disclosure, Requests for Production and Interrogatories contained herein:

## I. REQUESTS FOR DISCLOSURE

1. Pursuant to the Texas Rules of Civil Procedure, Plaintiff request that Defendant State Farm Fire & Casualty Company, disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## II. REQUESTS FOR PRODUCTION

1. Please produce State Farm Fire & Casualty Company's complete claim files from the home, regional and local offices, as well as third party adjusters/adjusting firms regarding the subject claim, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

2. Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3. Please produce a certified copy of the insurance policy pertaining to the claim made subject of this lawsuit, including all underwriting files and insurance applications sent on behalf of Plaintiff in her attempt to secure insurance on the Property, which is the subject of this suit.

4. Please produce the electronic diary, including the electronic and paper notes made by State Farm Fire & Casualty Company's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claim.

5. Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6. Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

7. Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the Property, which is the subject of this suit.

8. Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

9. Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether State Farm Fire & Casualty Company intends to offer these items into evidence at trial.

10. Please produce all communications, correspondence, documents and emails between any and all assigned adjusters and/or agents and the Plaintiff, not limited to physical or audio recordings of all conversations between Plaintiff and any and all assigned adjusters and/or agents.

11. Please produce all audio recordings or transcripts of conversations, calls, text, email or any other data sent to and from Plaintiff by any and all assigned adjusters and/or agents after their letter of representation sent by counsel.

12. Please provide copies of all marketing material sent on behalf of State Farm Fire & Casualty Company and/or its agents after the date of loss of the Property, which is the subject of this suit.

13. Please provide all correspondence between State Farm Fire & Casualty Company and its assigned adjuster, and all correspondence between State Farm Fire & Casualty Company and its assigned agents, after the date of loss of the Property, which is the subject of this suit.

## III. INTERROGATORIES

1. Please identify any person State Farm Fire & Casualty Company expects to call to testify at the time of trial.

2. Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3. If State Farm Fire & Casualty Company or State Farm Fire & Casualty Company's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by State Farm Fire & Casualty Company or any of State Farm Fire & Casualty Company's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4. Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of State Farm Fire & Casualty Company's investigation.

5. Please state the following concerning notice of claim and timing of payment:

      a.       The date and manner in which State Farm Fire & Casualty Company received notice of the claim;

      b.       The date and manner in which State Farm Fire & Casualty Company acknowledged receipt of the claim;

      c.       The date and manner in which State Farm Fire & Casualty Company commenced investigation of the claim;

      d.       The date and manner in which State Farm Fire & Casualty Company requested from the claimant all items, statements, and forms that State Farm Fire & Casualty Company reasonably believed, at the time, would be required from the claimant pursuant to the investigation; and

      e.       The date and manner in which State Farm Fire & Casualty Company notified the claimant in writing of the acceptance or rejection of the claim.

6.   Please identify by date, amount and reason, the insurance proceeds payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7.   Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8.   When was the date State Farm Fire & Casualty Company anticipated litigation?

9.   Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please

identify what, when and why the document was destroyed, and describe State Farm Fire & Casualty Company's document retention policy.

10. Does State Farm Fire & Casualty Company contend that the insured's premises were damaged by storm-related events and/or any excluded peril?  If so, state the general factual basis for this contention.

11. Does State Farm Fire & Casualty Company contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12. Does State Farm Fire & Casualty Company contend that the Plaintiff failed to satisfy any condition precedent or covenant of the Policy in any way?  If so, state the general factual basis for this contention.

13. How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated?  State what performance measures are used and describe State Farm Fire & Casualty Company's bonus or incentive plan for adjusters.

## CONCLUSION

69. Plaintiff prays that judgment be entered against Defendant State Farm Fire & Casualty Company and that Plaintiff be awarded all of her actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

---

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays she be awarded all such relief to which

she is due as a result of the acts of Defendant State Farm Fire & Casualty Company, and for all such other

relief to which Plaintiff may be justly and rightfully entitled. In addition, Plaintiff requests the award of treble

damages under the Texas Insurance Code, attorney's fees for the trial and any appeal of this lawsuit, for all

costs of Court on her behalf expended, for pre-judgment and post-judgment interest as allowed by law, and

for any other and further relief, either at law or in equity, to which Plaintiff may show the herself to be justly

entitled.

RESPECTFULLY SUBMITTED,

*/s/ Derek L. Fadner*
McCLENNY MOSELEY & ASSOCIATES, PLLC
James M. McClenny
State Bar No. 24091857
J. Zachary Moseley
State Bar No. 24092863
Derek L. Fadner
State Bar No. 24100081
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060
Principal Office No. 713-334-6121
Facsimile: 713-322-5953
James@mma-pllc.com
Zach@mma-pllc.com
Derek@mma-pllc.com
ATTORNEYS FOR PLAINTIFF

**CERTIFIED MAIL**



U.S. POSTAGE PITNEY BOWES

ZIP 77301
02 1W $ 008.00⁰
0001391752 JAN. 03. 2019.

Montgomery County District Clerk's Office
Elizabeth Siller
301 N.Thompson Street

Conroe      TX     77301

**USPS CERTIFIED MAIL™**

9214 8901 4633 9311 6509 11

State Farm Fire & Casualty Company
Registered Agent, Corporation Service Company
211 E 7th St., Suite 620

Austin      TX    78701

# EXHIBIT B-2

Received and E-Filed for Record
3/4/2019 4:26 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Patricia Morrill

**CAUSE NO. <u>18-12-16979</u>**

| | | |
|---|---|---|
| **RONDA SINGLETARY,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff* | § | |
| | § | |
| V. | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | |
| | § | |
| **STATE FARM FIRE & CASUALTY** | § | |
| **COMPANY,** | § | **284th JUDICIAL DISTRICT** |
| | § | |
| *Defendant* | § | |

---

**PLAINTIFF RONDA SINGLETARY'S FIRST AMENDED PETITION**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Ronda Singletary, (hereinafter referred to as "Plaintiff"), complaining of State Farm Lloyds, erroneously identified as State Farm Fire & Casualty Company in Plaintiff's Original Petition, (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

**<u>DISCOVERY CONTROL PLAN</u>**

1. Plaintiff intends for discovery to be conducted under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process of Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief of over $100,000.00.

**<u>PARTIES</u>**

2. Plaintiff is an individual residing in Montgomery County, Texas.

---

3. State Farm Lloyds is a foreign insurance company engaging in the business of insurance in the State of Texas. Defendant may be served with process by serving its registered agent of service, Corporation Service Company, located at the following address: 211 E 7th St, Ste 620, Austin, Texas 78701.

## JURISDICTION

4. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

5. The Court has jurisdiction over Defendant State Farm Lloyds because Defendant is a foreign insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas. Specifically, State Farm Lloyds sought out and marketed for insurance in Texas and has "purposefully availed" itself of the privilege of conducting activities in Texas. *Kelly v. General Interior Constr., Inc.*, 301 S.W.3d 653, 660-61 (Tex. 2010).

## VENUE

6. Venue is proper in Montgomery County, Texas, because the Property is situated in Montgomery County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

7. Plaintiff purchased a policy from Defendant State Farm Lloyds, (hereinafter referred to as "the Policy"), which was in effect at the time of loss.

8. The Policy was purchased to insure Plaintiff's property, (hereinafter referred to as "the Property"), which is located at 50 E Russet Grove Circle, The Woodlands, Texas 77384.

9. Defendant State Farm Lloyds and/or its agent sold the Policy insuring the Property to Plaintiff.

10. Plaintiff is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because she is an individual who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

11. On or about January 17, 2018, Plaintiff experienced a severe weather related event which caused substantial damage to the Property and surrounding homes and businesses in the area. The Property's damage constitutes a covered loss under the Policy issued by Defendant State Farm Lloyds. Plaintiff subsequently opened a claim on January 17, 2018 and Defendant State Farm Lloyds assigned an adjuster to adjust the claim.

12. Thereafter, Defendant State Farm Lloyds wrongfully underpaid Plaintiff's claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

13. Defendant made numerous errors in estimating the value of Plaintiff's claim, as exhibited by its assigned adjuster's method of investigation and estimation of Plaintiff's loss, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant's assigned adjuster failed to fully quantify Plaintiff's covered losses, thus demonstrating that Defendant's assigned adjuster did not conduct a thorough investigation of Plaintiff's claim and/or intentionally adjusted Plaintiff's claim improperly.

14. Specifically, Defendant, independently and through its assigned adjuster, intentionally and knowingly conducted a substandard investigation of the Property.  This is evidenced by Defendant's assigned adjuster's estimate, which failed to include all necessary items Plaintiff is entitled to under the Policy to place the Property in a pre-loss condition. These necessary items are covered and required under the

International Building Code and/or International Residential Code, as adopted by the State of Texas in 2001.

15. Defendant State Farm Lloyds's inadequate settlement forced Plaintiff to retain a professional estimate writer to properly assess and evaluate the damage to the property. On or around July 24, 2018, Plaintiff's professional estimate writer inspected the property. The professional estimate writer estimated the damage to the property to be a total amount of $30,130.48. The professional estimate writer's estimate stands in stark contrast to Defendant State Farm Lloyds's estimate. Such a gross disparity between the estimates highlights Defendant's bad faith misconduct in conducting an unreasonable investigation and knowingly underpaying the claim.

16. Plaintiff's professional estimate writer required a full roof replacement. The professional estimate writer recommended several other significant repairs, including, but not limited to: removal and replacement of the roof vents as soft metals cannot be reused under IRC 907.5; removal and replacement of the valley metal and roof flashing as soft metals cannot be reused under IRC 907.5; and gutter and downspout repairs.

17. Plaintiff's professional estimate writer not only required a full roof replacement, but also estimated for significant repairs to the property's interior rooms, including but not limited to: restoration and remodel of the damaged drywall; paint costs; and content manipulation.

18. In addition, the Occupational Safety and Health Administration ("OSHA") dictates, when working on buildings with "unprotected sides and edges" that "each employee on a walking/working surface (horizontal and vertical surface) with an unprotected side or edge which is 6 feet (1.8m) or more above a lower level ***SHALL*** be protected from falling by the use of guardrail systems, safety net systems, or

personal fall arrest systems."  Occupational Safety and Health Act of 1970 § 1926.501(b)(1) (emphasis

added).  This protection was intentionally not included or reflected within the scope of work provided by

Defendant for Plaintiff's damages to the Property as an attempt to further deny Plaintiff benefits owed

under the Policy.

19.  Defendant's estimate did not allow for adequate funds to cover the cost of repairs and therefore grossly

undervalued all of the damages sustained to the Property. As a result of Defendant's conduct, Plaintiff's

claim was intentionally and knowingly underpaid.

20.  Defendant's assigned adjuster acted as an authorized agent of Defendant State Farm Lloyds. Defendant's

assigned adjuster acted within the course and scope of their authority as authorized by Defendant State

Farm Lloyds. Plaintiff relied on Defendant and Defendant's assigned adjuster to properly adjust the claim

regarding the Property and to be issued payment to fix such damage, which did not happen and has not

been rectified to date.

21.  Defendant State Farm Lloyds failed to perform its contractual duties to adequately compensate Plaintiff

under the terms of the Policy.  Specifically, Defendant refused to pay the full proceeds owed under the

Policy. Due demand was made by Plaintiff for proceeds to be in an amount sufficient to cover the damaged

Property.

22.  Defendant and/or Defendant's assigned agent sold the Policy to Plaintiff, making various statements and

representations to Plaintiff that the Property would be covered. Relying on the promises and

representations made by Defendant and/or Defendant's assigned agent, Plaintiff filed a claim under the

Policy with the belief that the Property would be covered after a severe weather event such as the one that damaged the Property.

23.  All conditions precedent to recovery under the Policy had, and have, been carried out and accomplished by Plaintiff.

24. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of McClenny Moseley & Associates, PLLC, who is representing Plaintiff with respect to these causes of action.

## AGENCY

25. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

26. All acts by Defendant State Farm Lloyds were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full authorization or ratification of Defendant State Farm Lloyds and/or were completed in its normal and routine course and scope of employment.

27. Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this subsection are made actionable by TEX. INS. CODE § 541.151.

28. Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyds plan,

fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added); *see also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.* 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a person for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

## NEGLIGENCE

29. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

30. Plaintiff entrusted Defendant to properly adjust Plaintiff's insurance claim for the Property damage. Defendant did not properly adjust the claim and misinformed Plaintiff of the severity of the Property damage. Defendant had and owed a duty to ensure that the Property damage was properly adjusted. Nevertheless, Defendant failed to ensure that Plaintiff's damage was properly adjusted. This failure is a clear breach of Defendant's duty, and as a result, Plaintiff suffered significant injuries.

31. Defendant State Farm Lloyds and its assigned adjuster had and owed a legal duty to Plaintiff to properly adjust all losses associated with the Property.  Defendant, individually and through its assigned adjuster, breached this duty in a number of ways, including, but not limited to, the following:

   A. Defendant, individually and through its assigned adjuster, was to exercise due care in adjusting and paying policy proceeds regarding the Property;

   B. Defendant, individually and through its assigned adjuster, had a duty to competently and completely handle and pay all covered losses associated with the Property;

C.  Defendant, individually and through its assigned adjuster, failed to properly complete all adjusting activities associated with Plaintiff's damages; and,

D.  Defendant's acts, omissions, and/or breaches, individually and through its assigned adjuster, did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

## BREACH OF CONTRACT

32. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

33. Defendant State Farm Lloyds's conduct constitutes a breach of the insurance contract made between Defendant State Farm Lloyds and Plaintiff. According to the Policy, which Plaintiff purchased, Defendant State Farm Lloyds had the absolute duty to investigate Plaintiff's damages, and pay Plaintiff policy benefits for the claims made due to the extensive storm-related damages.

34. As a result of the storm-related event, Plaintiff suffered extreme weather related damages. Despite objective evidence of weather related damages provided by Plaintiff and her representatives, Defendant State Farm Lloyds breached its contractual obligations under the Policy by failing to pay Plaintiff cost related benefits to properly repair the Property, as well as for related losses associated with the subject loss event.  As a result of this breach, Plaintiff has suffered additional actual and consequential damages.

## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

35. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

36. Defendant and/or its assigned adjuster engaged in false, misleading, or deceptive acts or practices that constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas Business and Commerce Code ("TEX. BUS. & COM. CODE"), including but not limited to:

    A. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law (TEX. BUS. & COM. CODE § 17.46(b)(12));

    B. Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction (§ 17.46(b)(14));

    C. Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed (§ 17.46(b)(24));

    D. Using or employing an act or practice in violation of the Texas Insurance Code (§ 17.50(a)(4));

    E. Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiff's claim (TEX. INS. CODE § 541.060(a)(2)-(5));

    F. Failure to properly investigate Plaintiff's claim (§ 541.060(7)); and/or

    G. Hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, to obtain a favorable, results-oriented report, and to assist Defendant in severely

underpaying and/or denying Plaintiff's damage claim (TEX. BUS. & COM. CODE § 17.46(31)).

37. As described in this Original Petition, Defendant State Farm Lloyds represented to Plaintiff that her Policy and State Farm Lloyds's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover proceeds. TEX. BUS. & COM. CODE § 17.46(b)(5).

38. As described in this Original Petition, Defendant State Farm Lloyds represented to Plaintiff that her Policy and State Farm Lloyds's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of § 17.46 (b)(7).

39. By Defendant State Farm Lloyds representing that they would pay the entire amount needed by Plaintiff to repair the damages caused by the weather related event and then not doing so, Defendant has violated §§ 17.46 (b)(5), (7), (12).

40. Defendant State Farm Lloyds has breached an express warranty that the damage caused by the storm-related event would be covered under Policy.  This breach entitles Plaintiff to recover under §§ 17.46 (b) (12), (20); 17.50 (a)(2).

41. Defendant State Farm Lloyds's actions, as described herein, are unconscionable in that Defendant took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.  Therefore, Defendant's unconscionable conduct gives Plaintiff the right to relief under § 17.50(a)(3).

42. Defendant State Farm Lloyds's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance and are in violation of § 17.50 (a)(4).

---

43. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, and/or deceptive acts and/or practices, made by Defendant State Farm Lloyds, to her detriment.  As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues.  All of the aforementioned acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages which are described in this Original Petition.

44. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, Plaintiff is entitled to recover mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages. § 17.50(b)(1).

45. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on her behalf.  Accordingly, Plaintiff also seeks to recover her costs and reasonable and necessary attorney's fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiff may show herself to be justly entitled by law and in equity.

## **VIOLATIONS OF THE TEXAS INSURANCE CODE**

46. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

47. Defendant and/or its assigned adjuster's actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

A. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue (TEX. INS. CODE § 541.060(a)(1));

B. Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (§ 541.060(a)(2)(A));

C. Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim (§ 541.060(a)(3));

D. Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff (§ 541.060(a)(4));

E. Refusing, failing, or unreasonably delaying a settlement offer on the basis that other coverage is available (§ 541.060 (a)(5));

F. Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

G. Forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));

H. Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code (§ 541.061(5));

---

I.    Engaging in false, misleading, and deceptive acts or practices under the DTPA (§541.151(2));

J.    Failing to acknowledge receipt of the claim, commence any investigation of the claim, and request from the claimant all items, statements, and forms the insurer reasonably believes at that time will be required from the claimant no later than the 15th day after the receipt of notice of the claim (§ 542.055);

K.    Failing to notify the claimant in writing of the acceptance or rejection of a claim no later than the 15th business day after the insurer receives all items, statements, and forms required by the insurer to secure a final proof of loss (§ 542.056(a));

L.    Failing to state the reasons for rejection (§ 542.056(c));

M.    Failing to notify the claimant of the reasons that the insurer needs 45 days in additional time to accept or reject the claim (§ 542.056(d));

N.    Failing to pay a claim not later than the 5th business day after the date of notice of acceptance was made (§ 542.057); and/or

O.    Failing to pay a valid claim after receiving all reasonably requested and required items from the insured. (§ 542.058(a)).

48.   By its acts, omissions, failures and conduct, Defendant State Farm Lloyds has engaged in unfair and deceptive acts and practices in the business of insurance. Plaintiff, the insured and beneficiary, has a valid claim as a result of her detrimental reliance upon Defendant State Farm Lloyds's unfair or deceptive acts or practices. § 541.151(2).

49. Defendant's aforementioned conduct compelled Plaintiff to initiate this lawsuit to recover amounts due under the Policy, by offering substantially less than the amount ultimately recovered. Defendant refused to offer more than the grossly undervalued estimates prepared by Defendant State Farm Lloyds and/or Defendant's assigned adjuster, despite knowing the actual damages were much greater than what was offered. Defendant's continued refusal to offer compelled Plaintiff to file suit. § 542.003(5).

50. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant State Farm Lloyds's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly, intentionally and/or negligently committed said actions and conduct. § 541.152.

51. As a result of Defendant State Farm Lloyds's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on her behalf.  Accordingly, Plaintiff also seeks to recover her costs and reasonable and necessary attorney's fees as permitted under TEX. BUS. & COM. CODE § 17.50(d) or TEX. INS. CODE § 541.152 and any other such damages to which Plaintiff may show herself justly entitled by law and in equity.

## <u>BREACH OF THE COMMON LAW DUTY<br>OF GOOD FAITH & FAIR DEALING</u>

52. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

53. From and after the time Plaintiff's claim was presented to Defendant State Farm Lloyds, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was more than reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which

a reasonable insurance company would have relied on to deny full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. *See Viles v. Security National Ins. Co.,* 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its insureds to "investigate claims thoroughly and in good faith" and an insurer can only deny a claim after a thorough investigation shows that there is a reasonable basis to deny that claim).

54.     For the breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of the duty, such additional costs, economic hardship, losses due to nonpayment of the amount owed to Plaintiff, and/or exemplary damages for emotional distress.

## KNOWLEDGE

55.     Each of the acts described above, together and singularly, were done "knowingly" and "intentionally," as the terms are used in the Texas Insurance Code, and were a producing cause of Plaintiff's damages described herein.

## DAMAGES

56.     Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

57.     For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney's fees.

58.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy,

court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX. INS. CODE § 541.152.

59. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, interest on the claim at the rate of eighteen (18) percent per year, together with attorney's fees. § 542.060.

60. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

61. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

62. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

63. More specifically, Plaintiff seeks monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees, in excess of $200,000.00 but less than $1,000,000.00.

## ADDITIONAL DAMAGES & PENALTIES

64. Defendant's conduct was committed knowingly and intentionally.  Accordingly, Defendant is liable for additional damages under the DTPA, TEX. BUS. & COM. CODE § 17.50(b)(1), as well as all operative

provisions of the Texas Insurance Code.  Plaintiff is clearly entitled to the 18% damages allowed under

TEX. INS. CODE § 542.060.

## ATTORNEY'S FEES

65. In addition, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to the Texas

Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005.

## COMPEL MEDIATION

66. Pursuant to TEX. INS. CODE § 541.161 and TEX. BUS. & COM. CODE § 17.5051, Plaintiff requests

that Defendant be made to mediate no later than the 30th day of the signed order, following the 90th day

after the date for which this pleading for relief is served upon Defendant.

## JURY DEMAND

67. Plaintiff demands a jury trial, consisting of citizens residing in Montgomery County, Texas, and tenders

the appropriate fee with this Original Petition.

## DISCOVERY

68. Texas Rule of Civil Procedure 47 has been met in this petition. As such, Plaintiff requests that Defendant

respond to the Requests for Disclosure, Requests for Production and Interrogatories contained herein:

## I. REQUESTS FOR DISCLOSURE

1. Pursuant to the Texas Rules of Civil Procedure, Plaintiff request that Defendant State Farm Lloyds,

disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to

do so within 50 days of this request.

---

## II. REQUESTS FOR PRODUCTION

1.  Please produce State Farm Lloyds's complete claim files from the home, regional and local offices, as well as third party adjusters/adjusting firms regarding the subject claim, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

2.  Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3.  Please produce a certified copy of the insurance policy pertaining to the claim made subject of this lawsuit, including all underwriting files and insurance applications sent on behalf of Plaintiff in her attempt to secure insurance on the Property, which is the subject of this suit.

4.  Please produce the electronic diary, including the electronic and paper notes made by State Farm Lloyds's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claim.

5.  Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6.  Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

7.  Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the Property, which is the subject of this suit.

---

8.  Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

9.  Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether State Farm Lloyds intends to offer these items into evidence at trial.

10. Please produce all communications, correspondence, documents and emails between any and all assigned adjusters and/or agents and the Plaintiff, not limited to physical or audio recordings of all conversations between Plaintiff and any and all assigned adjusters and/or agents.

11. Please produce all audio recordings or transcripts of conversations, calls, text, email or any other data sent to and from Plaintiff by any and all assigned adjusters and/or agents after their letter of representation sent by counsel.

12. Please provide copies of all marketing material sent on behalf of State Farm Lloyds and/or its agents after the date of loss of the Property, which is the subject of this suit.

13. Please provide all correspondence between State Farm Lloyds and its assigned adjuster, and all correspondence between State Farm Lloyds and its assigned agents, after the date of loss of the Property, which is the subject of this suit.

## III. INTERROGATORIES

1.  Please identify any person State Farm Lloyds expects to call to testify at the time of trial.

2.  Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the

subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3.  If State Farm Lloyds or State Farm Lloyds's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by State Farm Lloyds or any of State Farm Lloyds's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4.  Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of State Farm Lloyds's investigation.

5.  Please state the following concerning notice of claim and timing of payment:

    a.  The date and manner in which State Farm Lloyds received notice of the claim;

    b.  The date and manner in which State Farm Lloyds acknowledged receipt of the claim;

    c.  The date and manner in which State Farm Lloyds commenced investigation of the claim;

    d.  The date and manner in which State Farm Lloyds requested from the claimant all items, statements, and forms that State Farm Lloyds reasonably believed, at the time, would be required from the claimant pursuant to the investigation; and

    e.  The date and manner in which State Farm Lloyds notified the claimant in writing of the acceptance or rejection of the claim.

6.  Please identify by date, amount and reason, the insurance proceeds payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7. Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8. When was the date State Farm Lloyds anticipated litigation?

9. Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe State Farm Lloyds's document retention policy.

10. Does State Farm Lloyds contend that the insured's premises were damaged by storm-related events and/or any excluded peril?  If so, state the general factual basis for this contention.

11. Does State Farm Lloyds contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12. Does State Farm Lloyds contend that the Plaintiff failed to satisfy any condition precedent or covenant of the Policy in any way?  If so, state the general factual basis for this contention.

13. How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated?  State what performance measures are used and describe State Farm Lloyds's bonus or incentive plan for adjusters.

## <u>CONCLUSION</u>

69. Plaintiff prays that judgment be entered against Defendant State Farm Lloyds and that Plaintiff be awarded all of her actual damages, consequential damages, prejudgment interest, additional statutory damages, post

judgment interest, reasonable and necessary attorney's fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays she be awarded all such relief to which she is due as a result of the acts of Defendant State Farm Lloyds, and for all such other relief to which Plaintiff may be justly and rightfully entitled. In addition, Plaintiff requests the award of treble damages under the Texas Insurance Code, attorney's fees for the trial and any appeal of this lawsuit, for all costs of Court on her behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show the herself to be justly entitled.

RESPECTFULLY SUBMITTED,

*/s/ Derek L. Fadner*
McCLENNY MOSELEY & ASSOCIATES, PLLC
James M. McClenny
State Bar No. 24091857
J. Zachary Moseley
State Bar No. 24092863
Derek L. Fadner
State Bar No. 24100081
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060
Principal Office No. 713-334-6121
Facsimile: 713-322-5953
James@mma-pllc.com
Zach@mma-pllc.com
Derek@mma-pllc.com
ATTORNEYS FOR PLAINTIFF

# EXHIBIT B-3

Received and E-Filed for Record
2/15/2019 11:52 AM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Patricia Morrill

# NISTICO, CROUCH & KESSLER, P.C.
## ATTORNEYS AT LAW

| HOUSTON | DALLAS/FT. WORTH |
|---|---|
| 1900 WEST LOOP SOUTH, SUITE 800 | 4008 GATEWAY, SUITE 120 |
| HOUSTON, TEXAS 77027 | COLLEYVILLE, TEXAS 76034 |
| Telephone: (713) 781-2889   Telecopier: (713) 781-7222 | Telephone: (817)858-0362   Telecopier: (214) 722-0744 |

M. Micah Kessler
mkessler@nck-law.com

January 25, 2019

**VIA EMAIL: derek@mma-pllc.com**

Derek L. Fadner
McClenny, Moseley & Associates, PLLC
411 North Sam Houston Parkway East, Suite 200
Houston, Texas 77060

Re:   Cause No. 18-12-16979; *Ronda Singletary v. State Farm Fire & Casualty Company*; In the 284th Judicial District Court in Montgomery County, Texas.

Dear Mr. Fadner,

Thank you for discussing this matter with me this morning. This correspondence serves to formalize the agreement we reached by phone today, January 25, 2019, through which you agree Plaintiff will amend her petition in this matter to remove "State Farm Fire & Casualty Company" as a defendant, and replace it with "State Farm Lloyds."

In exchange, I agree to accept service of that amended petition by e-mail or fax on behalf of State Farm Lloyds.[1] State Farm Lloyds will then have fourteen days to answer the case after you serve an amended petition that removes State Farm Fire & Casualty Company and replaces it with State Farm Lloyds.

The parties further agree that State Farm Fire & Casualty Company is not a proper party to this lawsuit, has no obligation to answer the lawsuit or any discovery in the lawsuit, and that no judgment may be taken against State Farm Fire & Casualty Company.

---

[1]   I have no authority to accept service of process for State Farm Lloyds beyond my authority to accept service of an amended petition that replaces State Farm Fire & Casualty Company with State Farm Lloyds as outlined in this letter agreement.

Derek Fadner
January 25, 2019
Page 2

_____

     If this comports with your understanding of our agreement, please sign below and return this letter to our office via email or fax. If you have any questions, please feel free to give me a call.

Very truly yours,

**M. Micah Kessler**
Counsel for State Farm Lloyds and State
Farm Fire & Casualty Company.

Derek L. Fadner, *Counsel for Plaintiff*

MMK/myb

# EXHIBIT B-4

# CITATION
## Cause Number: 18-12-16979

Clerk of the Court                    Attorney Requesting Service
Melisa Miller                         Derek L. Fadner
P.O. Box 2985                         411 N Sam Houston Pkwy E Ste 200
Conroe, Texas 77305                   Houston TX  77060

## THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued.  You may employ an attorney.  If you or your attorney
does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next
following the expiration of twenty days after you were served this citation and petition, a default judgment
may be taken against you.

To:    State Farm Fire and Casualty Company
       Registered Agent Corporation Service Company
       211 East 7th Street
       Suite 620
       Austin TX  78701

You are hereby commanded to appear by filing a written answer to the Plaintiff's Ronda Singletary's
Original Petition at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the
date of service of this citation before the Honorable 284th Judicial District Court Montgomery County,
Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Ronda Singletary's Original Petition was filed in said court on this the 27th day of
December, 2018 numbered 18-12-16979 on the docket of said court, and styled, Ronda Singletary VS. State
Farm Fire and Casualty Company

The nature of plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Ronda Singletary's
Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the
mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 2nd day of January,
2019.

(SEAL)

Melisa Miller, District Clerk
Montgomery County, Texas

By: *Elizabeth Siller*

Elizabeth Siller, Deputy

## OFFICER'S RETURN

Cause No. 18-12-16979                               Court No: 284th Judicial District Court

Style: Ronda Singletary VS. State Farm Fire and Casualty Company
To:           State Farm Fire and Casualty Company
Address:     Registered Agent Corporation Service Company
                211 East 7th Street
                Suite 620
                Austin TX  78701

Came to hand the ___day of _____, 20__, at _____ o'clock, and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Ronda Singletary's Original Petition, at the following times and places, to wit:

Name              Date/Time         Place, Course and distance from Courthouse

_____  _____  _____

Manner of service: _____

*And not executed as to the defendants(s) _____
The diligence used in finding said defendant(s) being:

_____

And the cause of failure to execute this process is:

_____

And information received as to the whereabouts of said defendant(s) being:

_____

FEES:
Serving Petition and Copy     $_____

                                      _____OFFICER
TOTAL                 $_____
                                      _____County, Texas
                                 By: _____, Deputy

## AFFIANT

Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In accordance with Rule 107: the officer, or authorized person who services, or attempts to serve a citation shall sign and return. The return must either be verified or be signed under penalty of perjury.

A return signed under penalty of perjury must contain the statement below in substantially the following form:
My full name is _____
My date of birth is ____/____/____, and my address is _____.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT
Executed in_____, County, State of _____, on the _____day of _____, 20____.

_____
       Declarant/Authorized Process Server
         _____
           ID# & Exp. Of Certification

_____
    Declarant/Authorized Process Server
_____
        ID# & Exp. Of Certification

         SWORN AND SUBSCRIBED ON

_____
                                   DATE

_____
                             NOTARY



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 19180848**
**Date Processed: 01/07/2019**

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | State Farm Fire and Casualty Company<br>Entity ID Number  3461650 |
| **Entity Served:** | State Farm Fire and Casualty Company |
| **Title of Action:** | Ronda Singletary vs. State Farm Fire & Casualty Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Montgomery County District Court, TX |
| **Case/Reference No:** | 18-12-16979 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 01/07/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Derek L. Fadner<br>713-334-6121 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**From:** Lisa Perrenoud
**Sent:** Tuesday, January 8, 2019 3:46 PM
**To:** IC - FIRE - Incoming Correspondence
**Subject:** 43-3264-b66



# EXHIBIT B-5

Received and E-Filed for Record
3/15/2019 3:42 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Patricia Morrill

## CAUSE NO. 18-12-16979

| | | |
|---|---|---|
| **RONDA SINGLETARY,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | |
| **STATE FARM FIRE & CASUALTY** | § | |
| **COMPANY,** | § | |
| *Defendant.* | § | **284TH JUDICIAL DISTRICT** |

---

### DEFENDANT STATE FARM LLOYD'S ORIGINAL ANSWER

---

Defendant State Farm Lloyds files this Original Answer to Plaintiff's First Amended Petition:

### I.
### GENERAL DENIAL

1.    Defendant generally denies all material allegations contained in Plaintiff's First Amended Petition, and any amendment thereto, and demands strict proof thereof as allowed under the laws of the State of Texas. By this general denial, Defendant would require Plaintiff to prove every fact to support the claims in Plaintiff's First Amended Petition, and any amendment thereto, by a preponderance of the evidence.

### II.
### SPECIFIC DENIALS

2.    Defendant specifically denies that all conditions precedent to recovery have been "carried out and accomplished by Plaintiff." Plaintiff failed to give immediate notice of the loss to State Farm and she failed to protect the property from further damage by not making reasonable and necessary temporary repairs after the loss.

III.

**DEFENSES**

3.      **Policy Coverage Provisions.** Under the Insuring Agreement, Plaintiff bears the burden to prove the actual cash value of damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period. Plaintiff lacks proof of damages resulted from any accidental direct physical loss during the policy period beyond those damages found by State Farm under the Policy.

4.      **Loss Settlement Provision/Condition: Replacement Cost Benefits**. Under the Insuring Agreement, Plaintiff must first repair or replace the damaged property to recover replacement cost benefits. The Policy specifically provides:

**FE-3533.2 HOMEOWNERS POLICY ENDORSEMENT (Texas)**

**SECTION I - LOSS SETTLEMENT**

**COVERAGE A-DWELLING**

Items 1. and 2. are replaced by the following:

1.  **A1** - **Replacement Cost Loss Settlement - Similar Construction.**

    a.  We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the **Declarations**, the damaged part of the property covered under **SECTION I - COVERAGES, COVERAGE A - DWELLING,** except for wood fences, subject to the following:

        (1) until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the Declarations, not to exceed the cost to repair or replace the damaged part of the property;

        (2) when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the **Declarations,** whichever is less;

        (3) to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and give prompt notice to us after the work has been completed; and

2

(4) we will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair or demolition of **a** building or other structure, except as provided under **Option OL - Building Ordinance or Law Coverage.**

Plaintiff lacks proof of completed repairs or replacement to any covered property damage connected with her insurance claim. As such, Plaintiff's recovery in this case, if any, is currently limited to the actual cash value of the covered property damage.

5.  **Limit of Liability.** State Farm's liability, if any, is limited to the amount of the policy limits under the subject policy, pursuant to the "Limit of Liability" and other clauses contained in the policy sued upon.

6.  **Deductible/Offset.** Defendant is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's $4,030.00 deductible.

7.  **Failure to Comply with Policy Conditions**. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to comply with the following Policy conditions:

### SECTION I – CONDITIONS

\* \* \* \* \*

2.  **Your Duties After Loss**. In case of a loss to which this insurance may apply, you shall see that the following duties are performed:

    a.  give immediate notice to us or our agent. . .

    b.  protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures…

Plaintiff reported her claim for storm damage to her property over six weeks after the reported date of loss. Although State Farm inspected the property nearly a year ago and estimated to replace the roofing shingles, Plaintiff has not yet submitted proof of repairs to the property to State Farm. Accordingly, Plaintiff has failed to comply with conditions precedent to recovery under the Policy by failing to provide immediate notice of the loss to State Farm and by failing to protect the property from further damage or loss.

3

8.     **Bona Fide/Legitimate Dispute.** A bona fide/legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including for violations of the Texas Insurance Code or any other statutory or common law authority.

9.     **Cap on Punitive Damages.** Tex. Civ. Prac. and Rem. Code §41.001, *et seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and the common law. Further, unless Plaintiff proves Defendant's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

**PRAYER**

Defendant State Farm Lloyds prays that Plaintiff take nothing by her claims, and that State Farm recover its costs, fees, and expenses, and such other further relief to which State Farm may show itself to be justly entitled to, in law and in equity.

Respectfully submitted,

**NISTICO, CROUCH & KESSLER, P.C.**

By:   */s/ M. Micah Kessler*
      M. Micah Kessler
      State Bar No. 00796878
      Avniel J. Adler
      State Bar No. 24071933
1900 West Loop South, Suite 800
Houston, Texas 77027
Telephone: (713) 781-2889
Telecopier: (713) 781-7222
Email: mkessler@nck-law.com
Email: aadler@nck-law.com

**COUNSEL FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on March 15, 2019, in the manner(s) prescribed below:

Derek Fadner
James McClenny
J. Zachary Moseley
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060
**VIA EFILE**

_/s/ Avniel Adler_
Avniel Adler

5